```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BRUNO MACK, et al.,           :
          Plaintiffs,         :
V.                            :    Case No. 3:07-CV-1151(RNC)
BAYER CORPORATION, et al.,    :
          Defendants.         :
```

RULING AND ORDER

Plaintiffs move to remand this diversity case on the ground that defendant Bayer Pharmaceuticals Corporation ("BPC"), which has its principal place of business in Connecticut, was properly joined and served before the action was removed. See 28 U.S.C. § 1441(b) (diversity case removable only if none of the parties properly joined and served as defendants is a citizen of the forum state). Defendants counter that BPC was not identified by its correct name in the summons and complaint and thus was not properly served prior to the removal. Plaintiffs reply that, under Connecticut law, the error in the summons and complaint is inconsequential because BPC had actual notice of the action. See Cabrera v. Sellew, No. 567831, 2005 WL 246265, at *3 (Conn. Super. Jan. 3, 2005). The somewhat thorny state law issue of the sufficiency of the service on BPC need not be resolved because, even assuming the service was insufficient, the requirement of complete diversity is not satisfied and thus the motion to remand must be granted for lack of subject matter jurisdiction.

Defendants contend that the court has subject matter jurisdiction because the claims of the non-diverse plaintiffs may be regarded as fraudulently misjoined with the claims of the other plaintiffs and may therefore be severed and remanded, leaving only the diverse plaintiffs' claims for adjudication here. The Second Circuit has not considered whether a district court may engage in such assertive action as a means of eliminating an issue affecting subject matter jurisdiction. In the absence of controlling authority, I decline to follow the defendants' suggested approach, mainly because I think a defendant is obliged to seek relief from misjoinder in state court before filing a removal petition. See Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004); see also 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723 (3d ed. 1998).

Accordingly, the motion to remand is hereby granted. The parties will bear their own costs.

It is so ordered this 10th day of December 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge